(89 App. Div. 262.)

### WUEST v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   December 30, 1903.)

1. COUNTY CLERK—FEES—NEW YORK CITY CHARTER.

> The Greater New York Charter (Laws 1897, c. 378) brought several counties within one municipality, and turned over the duties of other than constitutionally necessary county officers to the municipality, which became the counties' agent for the collection and disbursement of moneys for salaries, etc. Sections 1583, 1584, c. 378, p. 549, Laws 1897. Section 119, c. 378, p. 35, Laws 1897, provided for the appointment of commissioners of accounts whose duty it was to make stated examinations of the receipts and disbursements of various offices of the city and counties, and special examinations when directed by the mayor, and also when deemed for the best interests of the city. *Held*, that a county clerk is not entitled to the fees provided by law for searching papers on file in his office on the occasion of examination, in the interest of the city, of papers on file in his office by the commissioner of accounts.

Appeal from Trial Term, Kings County.

Action by William P. Wuest against the city of New York. From a judgment dismissing his complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Francis A. McCloskey, for appellant.

James McKeen, for respondent.

WOODWARD, J.   This action was brought to recover $1,511.60 alleged to be due to the plaintiff as fees for the examination of certain papers on file in the office of the clerk of Kings county during the incumbency of the plaintiff, and from the judgment dismissing plaintiff's complaint, a jury having been waived, the plaintiff appeals to this court.

The plaintiff alleges as a cause of action that he was county clerk of Kings county in 1899; that in the same year John S. Hertle and Edward Owen were commissioners of account of the city of New York; that during said year these commissioners made an examination for the corporation counsel of the city of New York, at the request of and for the benefit and advantage of the city of New York, of certain papers and records on file in the office of the said county clerk; that this examination was made under an agreement between the plaintiff, as county clerk, and said Hertle and Owen, as commissioners of account, whereby plaintiff, as county clerk, instead of officially searching for said papers and records, permitted said Hertle and Owen, as said commissioners of accounts, to search for and examine said papers and records themselves, on their agreement to certify to plaintiff, as county clerk, the total number of papers and records so examined by them; and that the said Hertle and Owen did, on or about December 22, 1899, certify that the number of papers and records so searched for and examined was 15,116. Upon this basis the plaintiff claims to be entitled to $1,511.60 as fees, at 10 cents for each paper examined. The answer denies that the defendant has any knowledge or information sufficient to form a belief as to the truth of these allegations, and alleges on information and be-

lief that the examination of the records referred to in paragraph 4 of the complaint (in which the material facts are alleged) was made by the commissioners of accounts in their official capacity under section 119 of the Greater New York Charter (chapter 378, p. 35, Laws 1897), and that such examination was for the purpose of obtaining information in connection with a certain claim upon an account of former County Clerk Saffen with defendant, under the provisions of chapter 739, p. 1526, of the Laws of 1895, and that said commissioners deemed the examination made by them to be for the best interests of the city.

The plaintiff introduced no evidence to show that this examination was made for the corporation counsel of the city of New York, nor was there any effort to controvert the allegation of the answer that the commissioners of accounts deemed the examination made by them to be for the best interests of the city; and it affirmatively appears that there was no agreement that the plaintiff should be paid 10 cents for each paper examined, or any other sum; the agreement was confined to a certificate of the number of papers actually examined, leaving the question of the plaintiff's right to fees open for determination afterward. The plaintiff, as county clerk, was entitled generally to a fee of 10 cents for searching for papers on file in his office; but it was provided that "nothing herein contained shall authorize more than one charge of ten cents for any or all of the papers embraced in any judgment, record, or special proceeding, or upon any motion, or in any case where two or more papers shall be connected with each other in their general subject matter." Chapter 720, p. 1626, Laws 1868. The certificate of the commissioners of accounts shows that "the number of papers examined and counted amounted to 15,116, contained in 102 files of the City Court from 1849 to 1863," and it is reasonably certain, therefore, that there must have been many of these separate papers which were related to each other in such a manner as not to require the payment of 10 cents, even if it be conceded that the defendant is liable for a portion of the fees.

We are of opinion, however, that, under the provisions of section 119 of the charter of 1897, the defendant is not liable for the fees in any amount. The Greater New York Charter, it must be remembered, brought within one municipality the territory embraced in several counties, and the duties of county officers, except such as were required by the Constitution to be preserved, were turned over to the municipality, and the latter became the agent of the counties, collecting and disbursing moneys for salaries, etc. See sections 1583, 1584, c. 378, p. 549, Laws 1897. Reading the provisions of section 119 of the charter in the light of these intimate relations with the county offices, and giving the defendant the benefit of the presumption that the commissioners of accounts have done their duty by entering upon the examination of these records because they deemed it "for the best interests of the city," as the answer alleges and the statute authorizes, we see no way of escaping the conclusion that the plaintiff has failed to establish a right to recover in this action. Section 119 provides for the appointment of two commissioners of accounts, and it is made their duty, "once in three months, to make

an examination of the receipts and disbursements in the offices of the comptroller and chamberlain, in connection with those of all the departments and officers making returns thereto, and report to the mayor a detailed and classified statement of the financial condition of the city as shown by such examinations. They shall also make such special examinations of the accounts and methods of the departments and offices of the city and of the counties of New York, Richmond, and Kings, as the mayor may from time to time direct, and such other examinations as the said commissioners may deem for the best interests of the city, and report to the mayor and the municipal assembly the results thereof. For the purpose of ascertaining facts in connection with these examinations they shall have full power to compel the attendance of witnesses, to administer oaths and to examine such persons as they may deem necessary." To say that, under these provisions, permitting the commissioners in their discretion to examine generally into the affairs of the city and the three counties mentioned is subject to the fee bill provided for the compensation of the county clerk, as the custodian of public records, is to read into section 119 provisions which the Legislature could not have had in contemplation; for it cannot be that, in making these county officers subordinate to the municipality with respect to all of their financial affairs, it was intended to permit them to stand in the way of an investigation of their records for the purposes of determining the liablity of the city upon any claim or account which might be presented against it. Statutes are not to be construed into absurdities, and the contention of the plaintiff would leave it in the power of a county clerk to make the investigation cost more than the saving to the city in many instances. The Legislature had the power to permit, for public purposes, an examination of the records in the custody of the county clerk without compensation, and this it has clearly intended doing in the provisions of section 119 of the charter of 1897.

The judgment appealed from should be affirmed, with costs. All concur.